**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-1843**

———————

TANIA NAKYA WALTERS,

             Plaintiff – Appellee,

      v.

PRINCE GEORGE'S COUNTY, MARYLAND; MARISSA S. DAVIS, In her
Official and Individual Capacity; JAMES E. KELLY, In his
Official and Individual Capacity,

             Defendants – Appellants,

      and

PRINCE GEORGE'S COUNTY, MARYLAND POLICE DEPARTMENT; MELVIN
WHITE, Chief of Police, In his Official and Individual
Capacity; JANE DOE DAVIS, Officer, In her Official and
Individual Capacity; JOHN DOE KELLY, Officer, In his
Official and Individual Capacity; JANE AND JOHN DOES 1-25,
Officers, In their Official and Individual Capacity,

             Defendants.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Alexander Williams, Jr., District
Judge. (8:08-cv-00711-AW)

———————

Submitted:  June 21, 2011            Decided:  July 13, 2011

———————

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Tonia Y. Belton-Gofreed, Associate County Attorney, Upper Marlboro, Maryland, for Appellants. Kathleen Anne Behan, BEHAN LAW, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants appeal from the district court's order denying their motion for summary judgment in part, finding that Appellants were not entitled to qualified immunity on Tania Nakya Walters' excessive force claims raised in her 42 U.S.C. § 1983 (2006) action, as material issues of fact existed. Walters asserted that Appellants used excessive force when they sprayed her with pepper spray and pinned her on the ground while she was handcuffed. On appeal, Appellants assert that the record conclusively shows that the force used was not excessive. Walters claims that this court lacks jurisdiction over Appellants' appeal. We agree with Walters and dismiss the appeal as interlocutory.

Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A defendant's assertion of qualified immunity requires consideration of two questions: (1) whether a constitutional or statutory right would have been violated on the facts alleged by the plaintiff; and (2) if so, whether the right asserted was clearly established at the time of the alleged violation. Saucier v. Katz, 533 U.S. 194, 200 (2001).

3

It is well-settled that, while interlocutory orders generally are not appealable, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 [2006] notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). However, "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 515 U.S. 304, 319-20 (1995). Thus, we possess "'no jurisdiction over a claim that a plaintiff has not presented enough evidence to prove that the plaintiff's version of the facts actually occurred,'" but do have jurisdiction over "'a claim that there was no violation of clearly established law accepting the facts as the district court viewed them.'" Culosi v. Bullock, 596 F.3d 195, 201 (4th Cir. 2010) (quoting Winfield v. Bass, 106 F.3d 525, 530 (4th Cir. 1997) (en banc)).

Here, in denying Appellants' motion for summary judgment, the district court concluded that genuine issues of material fact existed regarding Walters' treatment. Although the district court did make a legal determination that there was a clearly established right to be free from excessive force,

4

Appellants do not challenge that determination, but instead attack the fact-related issues regarding whether certain actions occurred that could amount to a constitutional violation. See Iko v. Shreve, 535 F.3d 225, 237 (4th Cir. 2008) ("Because the district court denied [summary judgment] by virtue of conflicting factual inferences, . . . there is no legal issue on appeal on which we could base jurisdiction."). As such, we lack jurisdiction over the appeal.[*]

To avoid this conclusion, Appellants rely on Scott v. Harris, 550 U.S. 372 (2007), which held that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of facts for purposes of ruling on a motion for summary judgment." The Supreme Court found that, where a videotape "utterly discredited" the plaintiff's version of events, the district court should have relied on the facts depicted by the videotape. Id. at 380-81.

---

[*] Appellants also challenge the denial of their motion for summary judgment on Walters' state law claims and their assertion that a claim was not properly pled against Defendant Kelly. These claims are also interlocutory. Appellants provide no legal basis on which these claims could be reviewed prior to a final order in the case and, thus, have waived any argument that this court has jurisdiction over these claims.

5

We find Scott to be easily distinguishable from the instant case. First, the district court in this case did not credit testimony that contradicted the videotape. Appellants point to Walters' testimony that she did not remove her feet from the patrol car, even though the officers can be heard on the videotape requesting that she put her feet back in the car. However, Walters' lower body is not visible on the tape, and it is at least possible, viewing the evidence in the light most favorable to Walters, that Appellants were concerned that Walters was attempting to remove her feet from the car but had not succeeded or had put her feet back in the car prior to being sprayed. See Culosi, 596 F.3d at 201 (noting that district court's determination that a material fact exists is unreviewable even if this court disagrees with the district court's assessment of the evidence).

Second, even assuming that the court should have concluded that Walters removed her feet from the car, the district court found that other material issues of fact existed as to whether the force applied was justified. Such a conclusion would necessarily rest on facts not present on the videotape, including the officers' training, the extent of the danger Walters posed, the seriousness of Walters' injuries, the relevant police guidelines, and the intent of the officers. See Iko, 535 F.3d at 239-40 (discussing factual issues arising from

6

undisputed use of pepper spray, including compliance with state regulations and training, and the relationship between the need for force and the amount of force used).   Moreover, the videotape is simply not definitive as to either what was happening with Walters' lower body or exactly how she was treated after she was removed from the car.   Accordingly, we conclude that the district court properly considered the recording.

Based on the foregoing, we dismiss the appeal as interlocutory.   We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>